MARTIN *et al. v.* CITY OF WRIGHTSVILLE *et al.*

Where an equitable petition was brought for the purpose of enjoining the collection of a municipal tax, attacking the constitutionality of certain charter provisions and the legality of the tax and the proceedings to collect it, and the mayor, city marshal, and members of council were made parties, but not the municipal corporation itself, and where, upon the refusal of an injunction, a bill of exceptions was filed, but no service was made on the parties to the cause below, the only service being by acknowledgment on behalf of the municipal corporation in its corporate name, on motion the writ of error must be dismissed.

Submitted February 15,—Decided July 16, 1908.

Motion to dismiss the writ of error.

*B. H. Moye* and *E. L. Stephens,* for plaintiffs.

*A. S. Bussey, A. L. Hatcher,* and *J. L. Kent,* for defendants.

LUMPKIN, J. Martin and others, as citizens and taxpayers of the City of Wrightsville, brought their equitable petition against Brinson, the mayor of the city, certain named individuals who

were alleged to be councilmen, and another, who was alleged to be the city marshal. The object of the petition was to enjoin the collection of a tax which had been levied by the municipality, it being alleged that the mayor was the person authorized by law to issue tax executions, and the marshal was the person who would enforce them. A section of the municipal charter, authorizing the tax, was attacked as unconstitutional, the amount of the tax was averred to be beyond the power of the city to levy, and excessive, and other grounds for the injunction sought were set up. Process was prayed against the mayor, the marshal, and the members of council, who were named. There was no prayer for process against the municipal corporation as such; nor was there any service upon it, but only on the individual defendants. The process attached to the petition named the defendant as "the City of Wrightsville." In the headings to the different pleadings the name of the City of Wrightsville sometimes occurs, sometimes the Mayor and Council of Wrightsville, and sometimes the individual defendants. Only the individual defendants answered, and the municipality, in its corporate name, was never made a party defendant, either by the plaintiff or on its own motion, but was merely passingly mentioned in the headings to the pleadings. The uncertainty as to what was the name of the corporation probably arose from the fact that the act establishing the charter (Acts 1899, p. 308) states that the charter of the Town of Wrightsville, which had been previously granted, was repealed, and that the Town of Wrightsville was incorporated under the name and style of the City of Wrightsville. But when it came to state what was the corporate name under which municipal power was granted, and by which it was to sue and be sued, it was stated to be "The Mayor and Council of Wrightsville." Though arrived at with some degree of complexity of statement, this was the ultimate corporate name. It was never made a party defendant in the superior court. The injunction was refused, and the case was brought to this court by a bill of exceptions. The only service was by an acknowledgment signed by counsel who described themselves as "Attorney for City of Wrightsville, and Mayor and Council of Wrightsville, defendants in error." It is thus apparent that the individuals who were parties in the superior court were not served with the bill of exceptions, and did not acknowledge service; and that the only acknowledgment

of service was on behalf of the municipality as a corporation. The double statement of the municipal name was evidently made because of the peculiar language of the charter referred to above, and not as an acknowledgment of service on behalf of the individual defendants. This is the more apparent because a description of the mayor and council would clearly not include the marshal. Thus the parties defendant who were served in the superior court were not served with the bill of exceptions; and the party who acknowledged service on the bill of exceptions was not a defendant in that court. A motion was made to dismiss the writ of error, on the ground, among others, that there had been no legal service or acknowledgment of service of the bill of exceptions. Under the facts stated the motion must be sustained.

*Writ of error dismissed. All the Justices concur.*